## VAN WAGENEN ET AL. v. COE.

1 The officer who makes the order to hold a debtor to bail on the ground of fraud, is the exclusive judge of the weight of the evidence, and this court will not review or set aside his order upon the weight of evidence ; but when there was no evidence before him of any legal fraud they will review it.

2. Fraudulent conduct in a debtor, in inducing his creditors to accept a worthless security from him for a former debt, is such fraud in contracting this last debt as will authorize an order that he be held to bail.

*W. Pennington*, for the defendant, moved to quash the *capias ad respondendum* issued in this case, or to discharge the defendant on common bail, on the ground that the affidavits upon which the order for bail had been granted were insufficient. Cited *Rev. Stat.* 321 ; *Spenc.* 364, 476, 648, 656.

*A. B. Woodruff*, contra.

CARPENTER, J. The defendant was held to bail upon an order made under the act respecting imprisonment for debt in cases of fraud. The order, to which no exception has been made, seems to be regular, and the motion to set it aside and to quash the writ, is founded on the alleged insufficiency of the affidavits. Now, as to the proof of fraud necessary to support this order, we can review only its legality and applicability : its weight and credibility rested entirely with the officer by whom it was made. It is not now a question whether the proof was satisfactory, but whether there was any evidence from which fraud could be inferred. If there was any such evidence the order must stand.

No pretence of fraud in the creation of the debt appears

upon the face of the affidavits.   If there was any fraud, it must be found in the subsequent conduct of the debtor.

The affidavits, in substance, disclose that the defendant, being indebted to the plaintiff, on the 23d April, 1846, in the sum of $822.87, procured time, by inducing the plaintiffs to take a bond conditioned for the payment of that sum at a future period, to be secured by a mortgage on a farm of the defendant; that the plaintiffs were induced to accept this security upon the representations of the defendant, made at the time; that there was no prior lien, except a mortgage called the Terhune mortgage, and the defendant engaging punctually to make certain specified payments towards the discharge of the debt.

That the bond not being paid, the plaintiffs proceeded to foreclose their mortgage; and that one Mary Hopper, the mother-in-law of the defendant, then set up a prior mortgage, though unregistered, by which the plaintiffs' security was defeated, or rather to which it was postponed (as the affidavits allege), upon the false testimony of the defendant, that he had given the plaintiffs, or one of them, at the time of taking their mortgage, notice of the said prior lien, a notice fully denied in these affidavits; that, in consequence of the delay, the defendant has for a long time enjoyed the use and profits of the farm, and that the plaintiffs' mortgage has been thus rendered unavailing; that subsequently the defendant promised to pay the debt to the plaintiffs, if they would relinquish the costs; that the plaintiffs assented to this proposition, and offered to receive their debt without the costs, and discharge the defendant, yet that the defendant has neglected and refused to fulfil the offer so made by him; that the defendant has since then made sale of his personal property, with the declared intention of removing to California; that he has refused, after request, and without reason given for his refusal, to apply any part of the proceeds to the satisfaction of the debt of the plaintiffs, and the plaintiffs, as well as their attorney and solicitor, swear that they verily believe he intends to remove his property from this state, with the intention to defraud his creditors.

It will be perceived from this summary of the contents of

the affidavits, which upon this motion must be taken as true, that the case goes much farther than mere proof of a public sale of property, with the avowed purpose of removing with the proceeds from the state. Bad faith in procuring time for payment of the debt, by inducing the plaintiffs to accept a worthless mortgage, is sworn to. All the circumstances together, we think, form such a case as might well leave room for the inference of fraud, and make it improper for us to interfere with the legal discretion of the judge who signed the order. There was some evidence from which fraud might be inferred: as evidence having been satisfactory to him, we will not undertake to review its weight or credibility.

NEVIUS, J., concurred.

Motion refused.

CITED in *Chumar v. Kennedy*, 2 *Dutch.* 306.